IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MARTEZ S. WILSON, JEFFREY L. SCALES, | ) | No. 3:22-CR-20-KAC-JEM |
| DONALD W. MCCRAINEY, | ) | |
| SHELTON M. MCCRAINEY, | ) | |
| LAUREN S. MANNS, KEYASIA F. DAVIS, | ) | |
| DESMOND L. MCDANIELS, | ) | |
| SHARDE R. SIMMON, MICHELE C. MAXWELL, | ) | |
| SAMUEL B. HARRIS, and DESHAWN A. HEADE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case came before the undersigned on May 17, 2022, for a telephonic hearing on several motions to continue the trial and related deadlines [Docs. 74, 75, 76, & 99] and motions to adopt/join [Docs. 77, 78, 79, & 100]. The first motion was filed on April 20, 2022 [Doc. 74]. Assistant United States Attorney Brent N. Jones appeared by telephone on behalf of the Government. The following defense counsel appeared via telephone: Attorney Jonathan S. Wood appeared on behalf of Defendant Wilson; Attorney Robert R. Kurtz appeared on behalf of Defendant Scales; Attorney Ed Holt appeared in place of Attorney John Christopher Barnes on behalf of Defendant Donald McCrainey; Attorney Donny M. Young appeared on behalf of Defendant Shelton McCrainey; Attorney Wesley Stone appeared in place of Attorney Randall E. Reagan on behalf of Defendant Manns; Attorney Mark E. Brown appeared on behalf of Defendant Davis; Attorney Michael Thomas Cabage appeared on behalf of Defendant McDaniels; Attorney

Ashlee Brooke Mathis appeared on behalf of Defendant Simmon; Attorney Laura E. Davis appeared on behalf of Defendant Maxwell; Attorney Nathaniel Harold Evans appeared on behalf of Defendant Harris; and Attorney Jamie Poston Hughes appeared on behalf of Defendant Heade.

In the motions filed by Defendant Maxwell [Docs. 74 & 76], Defendant Maxwell asks the Court to continue the May 31, 2022, trial date and the relevant deadlines. Her counsel has started to review the approximately 105 gigabytes[1] of discovery provided by the Government but needs more time to complete her review and discuss it with Defendant Maxwell. At the hearing, Defendant Maxwell's counsel relied on her motion and stated that discovery is voluminous in this matter. Defendant McDaniels filed a motion to adopt Defendant Maxwell's motion [Doc. 78], which he relied on at the hearing.

In Defendant Scales's motion [Doc. 75], Defendant Scales also requests to continue the trial date and relevant deadlines. Defendant Scales relates that he had his initial appearance on March 24, 2022 [Doc. 8]; that this case was the result of a lengthy investigation by law enforcement; and that discovery is extensive in this matter and includes multiple audio and video recordings as well as documentary evidence and historical cell phone data. Defendant Scales's counsel states that additional time is needed to review discovery, to formulate and draft pretrial motions, and to meet with Defendant Scales to discuss trial strategy and pretrial motions. Defendant Scales submits that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, and that based on the nature of the allegations in this case, it appears that this case is unusual in that there are novel questions of law and fact at issue, and it would be unreasonable to expect adequate preparation for pretrial

---

[1] Defendant Maxwell explained that an amended motion [Doc. 76] was filed because her counsel misstated that discovery was one terabyte in his first motion [Doc. 74], but it is in fact 105 gigabytes.

proceedings and trial within the normal time limits [*Id.* (citing 18 U.S.C. §§ 3161(h)(7)(A) & (B)(ii)]. In addition, Defendant Scales states that the failure to grant a continuance would likely cause a miscarriage of justice or would deny his counsel reasonable time for effective preparation, even considering the exercise of due diligence [*Id.* (citing 18 U.S.C. §§ 3161(h)(7)(B)(i) & (iv)]. Defendant Scales's motion relates that the right to a speedy trial has been fully explained to him, and that he understands that the period of time between the filing of his motion and a rescheduled trial date will be fully excludable for speedy trial purposes. Defendant Scales's motion indicates the Government has no opposition to the requested continuance. Defendants Heade and Manns filed motions to adopt Defendant Scales's motion [Docs. 77 & 79], which they relied on at the hearing. The motions relate that Defendants Heade and Manns agree with the basis for Defendant Scales's motion and that they are similarly situated.

In Defendant Simmon's motion [Doc. 99], Defendant Simmon also requests a continuance of the trial date and the relevant deadlines. Defendant Simmon relates that she had her initial appearance on May 11, 2022 [Doc. 83], and her counsel was appointed on that same day. Defendant Simmon states that many of the previously set deadlines for this matter had already expired by the time of her initial appearance and that her counsel has not yet received discovery in this matter. Defendant Simmon argues that more time is needed for her counsel to receive and review discovery, to consult with Defendant Simmon, to prepare any necessary pretrial motions, and to otherwise prepare this case for trial.

Defendant Harris filed a Motion to Join [Doc. 100] in the other parties' motions to continue. At the hearing, Defendants Wilson, Donald McCrainey, Shelton McCrainey, and Davis all stated through counsel that they do not oppose the requests for a continuance.

The Government confirmed that it does not oppose the requests for a continuance and stated that most of the discovery in this matter has been provided to Defendants, but some supplemental discovery is forthcoming.

The Court finds the motions to continue the trial and to adopt/join are unopposed and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds a trial continuance is necessary to permit defense counsel additional time to receive and review the voluminous discovery, to confer with their respective clients regarding defense strategy, and to otherwise prepare the case for trial. The Court finds that all of this cannot occur before the May 31, 2022, trial date, especially as to the defendants who only recently entered the case.[2] Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence, and that the failure to grant a continuance would likely cause a miscarriage of justice. *See* 18 U.S.C. §§ 3161(h)(7)(B)(i) & (iv).

The motions to continue trial and extend the related deadlines [**Docs. 74, 75, 76, & 99**] and to adopt/join [**Docs. 77, 78, 79, & 100**] are **GRANTED**. The trial of this case is reset to **December 6, 2022**. The Court finds that all the time between the filing of the first motion on **April 20, 2022** [Doc. 74], and the new trial date of **December 6, 2022**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) The motions to continue trial and extend the related deadlines [**Docs. 74, 75, 76, & 99**] and to adopt/join [**Docs. 77, 78, 79, & 100**] are **GRANTED**;

---

[2] Defendant Donald McCrainey has not yet been arraigned [*See* Doc. 83].

(2) The trial of this case is reset to commence on **December 6, 2022**, at **9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the first motion on **April 20, 2022**, and the new trial date of **December 6, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **June 24, 2022**, and responses will be due **July 8, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **November 8, 2022**;

(6) Motions *in limine* are due on or before **November 21, 2022**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **November 21, 2022, at 11:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 25, 2022.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge