UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:22-CR-20-KAC-JEM-1 |
| ) | |
| MARTEZ S. WILSON, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

This case is before the Court on Defendant's pro se Motion for 11(c)(1)(C) Plea Agreement [Doc. 444]. The Court held a change of plea hearing in this case on November 8, 2023 [Doc. 406]. At the hearing, Defendant entered a guilty plea to Count One of the Indictment [Doc. 3, *sealed] pursuant to a written Plea Agreement [Doc. 395] and was represented by counsel [*See* Doc. 406]. On December 6, 2023, the Court received mail from Defendant [Doc. 444]. In that mail, Defendant asks the Court to allow him to enter into a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement for a sixteen-year term of imprisonment [*See id.* at 3]. But Defendant remains represented by counsel [*See* Doc. 191].

"The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citations omitted); *see United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011) (declining to address arguments raised in defendant's pro se brief where defendant was represented by counsel). And this Court's local rules prohibit a Party from filing motions on his own behalf while he is represented by counsel in this Court. *See* E.D. Tenn. L.R. 83.4(c) ("Whenever a party has appeared by attorney, that party may not thereafter

appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party.").

Defendant continues to be represented by counsel in this case and must file motions through counsel. *See Williams*, 641 F.3d at 770. Moreover, the Court "must not," and does not, "participate in" plea agreement discussions. *See* Fed. R. Crim. P. 11(c)(1). Accordingly, the Court **DENIES** Defendant's pro se Motion for 11(c)(1)(C) Plea Agreement [Doc. 444]. However, the Court **DIRECTS** Defendant's counsel to (1) review Defendant's pro se motion, (2) consult with Defendant, and (3) determine whether to file any motion with respect to Defendant's arguments in the pro se motion. The Court also **DIRECTS** Defendant's counsel to advise Defendant of this Order.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge